T.C. Summary Opinion 2003-55

UNITED STATES TAX COURT

EMANOIL AND MAGDALENA GANTEA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6222-02S.                    Filed May 19, 2003.

Emanoil Gantea, pro se.

James Brian Urie, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $4,286 in petitioners'

_____

[1] Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue.

1999 Federal income tax.  The issue is whether petitioners may exclude from gross income under section 104(a)(2) payments received by petitioner Emanoil Gantea (petitioner) from his employer pursuant to a settlement agreement.  Petitioners resided in Womelsdorf, Pennsylvania, at the time the petition was filed.

## Background

Petitioner was employed with the Dana Corporation (Dana).  Petitioner experienced a work-related injury.  Dana sponsored a program for employees who suffered injuries and are disabled, to some extent, as a result of work-related injuries.  Employees in the so-called Restricted Duty Program were required to report to work and remain in a restricted duty area for the entire work day.  Participants in this program were assigned there in lieu of receiving workers' compensation benefits.

On March 24, 1995, petitioner, as a member of a class action suit, filed a complaint in the Pennsylvania Court of Common Pleas of Berks County alleging three separate causes of action.  First, petitioner alleged that Dana violated the Pennsylvania Wire Tapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. Ann. sec. 5725 (West 2003), by surreptitiously placing a video camcorder in the restricted duty area for audio and visual surveillance of the employees.  Second, petitioner alleged that Dana invaded petitioner's privacy when Dana posted on a bulletin board at Dana's employee information centers documents containing

a list of all Dana employees participating in the Restricted Duty Program. These documents also disclosed each employee's name, job description, and the specific nature of their injury or illness. Third, petitioner alleged "Intentional Infliction of Emotional Distress" when Dana posted, at various locations of the workplace, cartoons, photographs, and other materials intended to ridicule, harass, and intimidate employees in the Restricted Duty Program.

In 1999, petitioner and Dana entered into a settlement agreement. The settlement agreement stated in pertinent part:

> * * * [Petitioner], in a three count Complaint, alleged that Dana had violated * * * [his] rights under various Pennsylvania statutes and its common laws including, (i) violations of the Pennsylvania Wiretapping and Electronic Surveillance Act ("Wiretap Act"), 18 Pa. Cons. Stat. §§ 5701-26 (Supp. 1995); (ii) the common law tort of invasion of privacy; and (iii) the common law tort of intentional infliction of emotional distress.
>
> *       *       *       *       *       *       *
>
> 1. **Payment.** Dana will pay a total of thirty thousand, two hundred and eleven dollars and sixty-six cents ($30,211.66), in exchange for the withdrawal with prejudice of * * * [petitioner's] civil action against Dana. Payments will be made by check, jointly payable to * * * [petitioner] and his attorney * * *. This amount includes any and all payment on account of * * * [petitioner's] attorneys fees.
>
> *       *       *       *       *       *       *
>
> 11. **Taxes and Reporting.** Dana will issue a federal tax form 1099. As there is no claim for back wages by * * * [petitioner], Dana will not withhold any taxes on the settlement proceeds. The parties agree, however, that the absence of tax withholdings by Dana does not mean that a taxation authority or authorities may not subsequently treat the proceeds as taxable income.

Dana issued petitioner a Form 1099-MISC, Miscellaneous Income, reporting a payment of $30,211.66 of "nonemployee compensation". Petitioners did not report the $30,211.66 damage award on their 1999 Federal income tax return. Respondent determined that the damage award should have been included in petitioners' gross income. Petitioners have stipulated that "No portion of the settlement proceeds was paid to petitioner-husband on account of personal physical injuries or physical sickness."

## Discussion

Section 61 provides that "gross income means all income from whatever source derived". Gross income is an inclusive term with broad scope, designed by Congress to "exert * * * 'the full measure of its taxing power.'" Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). Conversely, statutory exceptions from income shall be narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995). Furthermore, "exemptions from taxation are not to be implied; they must be unambiguously proved." United States v. Wells Fargo Bank, 485 U.S. 351, 354 (1988).

Section 104(a)(2) excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness". Section 1.104-1(c), Income Tax Regs., defines

"damages received" as "an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Amounts are excludable from gross income only when (1) the underlying cause of action giving rise to the recovery is based on tort or tort type rights, and (2) the damages were received on account of personal injuries or sickness. Commissioner v. Schleier, supra at 337.

Where amounts are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2). United States v. Burke, 504 U.S. 229, 237 (1992). Determination of the nature of the claim is a factual inquiry and is generally made by reference to the settlement agreement. Robinson v. Commissioner, 102 T.C. 116, 126 (1994), affd. in part and revd. in part 70 F.3d 34 (5th Cir. 1995). "[W]here an amount is paid in settlement of a case, the critical question is, in lieu of what was the settlement amount paid". Bagley v. Commissioner, 105 T.C. 396, 406 (1995), affd. 121 F.3d 393 (8th Cir. 1997). An important factor in determining the validity of the agreement is the "intent of the payor" in making the payment. Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33. If the payor's intent

cannot be clearly discerned from the settlement agreement, the intent of the payor must be determined from all the facts and circumstances of the case, including the complaint filed and details surrounding the litigation. Robinson v. Commissioner, supra at 127.

We start our analysis with the second requirement of Commissioner v. Schleier, supra. The "taxpayer must show that the damages were received 'on account of personal injuries or sickness.'" Id. at 337. Subsequent to the Court's opinion in Schleier, Congress amended section 104(a)[2] to provide that amounts are excludable only if received "on account of personal physical injuries or physical sickness". Sec. 104(a)(2) (emphasis added).

Petitioners stipulated that no portion of the damages was paid on account of "physical injuries or physical sickness", and that should end the matter.

To the extent, however, that petitioners contend that they should not be bound by the stipulation of facts,[3] even if they had not entered into the stipulation, the result is the same.

---

[2] Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1838, effective for amounts received after Aug. 20, 1996.

[3] In their posttrial memorandum, petitioners suggest that they were unduly pressured into signing the stipulation of facts. For the reasons stated above, we do not find it necessary to decide that issue. We note, however, there is nothing in the record to support that allegation.

The settlement agreement did not allocate the award to any specific type of damages. The settlement agreement referenced the three claims alleged by petitioner in the complaint, and petitioner alleged that he suffered "extreme humiliation", "embarrassment", and "severe emotional distress" as a result of Dana's conduct.

The flush language of section 104(a) provides that "For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness." Assuming petitioner did receive damages for his emotional distress, humiliation, and embarrassment, that award would not be excludable under section 104(a)(2). As to his argument that he received the award on account of personal physical injury, not only is this argument precluded by the stipulation of facts and the settlement agreement, but petitioner failed to provide any documentary or testimonial evidence that Dana compensated him, through the settlement award, for such an injury.[4]

We need not address whether "the underlying cause of action giving rise to the recovery * * * [was] 'based upon tort or tort type rights'", Commissioner v. Schleier, supra at 337, as we find that the settlement proceeds were not based on personal physical injuries or sickness. We hold that the $30,211.66 damage award is not excludable under section 104(a)(2).

---

[4] Sec. 7491(a), concerning burden of proof, has no bearing on the underlying substantive issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>